UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM McCLAM, as Administrator of the Estate of Tony McClam,<br><br>          Plaintiff,<br><br>    -against-<br><br>THE UNITED STATES OF AMERICA,<br><br>          Defendant. | **COMPLAINT**<br><br><br>Docket No.:23-cv-4292<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      This case is about an incarcerated individual at the Metropolitan Correctional Center who while waiting for trial suffered a heart attack in jail.  Despite repeated cries for help in the early hours after midnight, no guards or officers at this notorious facility came to his assistance until seven o'clock in the morning—many hours later—by which point he had become unresponsive.  Another 24 minutes then passed before agents of the federal facility called for an ambulance, and by the time he reached the hospital his body had gone cold, and he was pronounced dead.

2.      The present case is brought on behalf of the decedent's estate, seeking damages for his immense conscious pain and suffering, and fear of imminent death, for the long minutes and hours that he laid dying and alone—unhelped by the federal guards and the facility that had taken custody of him.  This action also seeks pecuniary damages for the losses the decedent's estate suffered by virtue of his preventable death.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1), as it is a civil action on claims brought "against the United States, for money damages, … for … personal injury or

death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

4. The defendant United States has waived sovereign immunity for claims brought under the Federal Tort Claims Act after proper exhaustion of administrative remedies, which requires presentment of a claim with the Bureau of Prisons regional office within two years of the tortious conduct and either a denial of the claim or a lack of response after six months. *See, e.g.,* 28 U.S.C. §2675(a). Here, the requirements of the Federal Tort Claims Act have been satisfied as the tortious conduct in issue occurred on September 24, 2020, resulting in his death; the administrator of his estate filed a claim received by the regional office of the Bureau of Prisons on September 19, 2022 (Claim No. TRT-NER-2023-00519); and six months passed without a determination from the Bureau of Prisons.

5. Venue is proper in the Southern District of New York under, *inter alia*, 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the action occurred therein.

6. A jury trial is hereby demanded.

## **PARTIES**

7. Plaintiff William McClam ("William" or the "Administrator") is an administrator of the Estate of Tony McClam, whose wrongful death forms the premise of this action.

8. As set forth above, the defendant United States has waived sovereign immunity for certain claims arising under the Federal Tort Claims Act.

**BACKGROUND**

9.      On September 24, 2020, Tony McClam ("Tony" or the "Decedent") was an inmate at the Metropolitan Correctional Center in downtown Manhattan (the "MCC"), where he was awaiting trial.

10.     On information and belief, based upon information supplied by witnesses, in the early morning hours of September 24, 2020, Tony began suffering from a heart attack in his cell, which was E12-594L.

11.     As the symptoms of his heart attack began, Tony immediately began crying for help.

12.     MCC, a United States facility, are supposed to staff guards in a manner such that there is never a point in time when none are on duty or available to assist or address an inmate in a moment of crisis.  However, when Tony's heart attack began and he cried for help, the guards who were supposed to be on duty were either absent or offered no assistance.

13.     Tony was found unresponsive in his cell at 7:00am on September 24, 2020.

14.     After Tony was found unresponsive in his cell, 24 minutes passed before there was a call for an ambulance.

15.     By the time Tony arrived at the hospital, he had no pulse and was reported to have been lifeless for so long that his skin was cold.

16.     Prior to his death, on information and belief, Tony was healthy and without a history of heart disease.  He was on no chronic care medication.

17.     Tony was survived by, *inter alia*, his brother William, an administrator of his estate, as well as by four children:

    a.  Hassan Shanarl Young (30 years old);

    b.  Nia Aisha Elaine Young (26 years old);

    c.  Armani Anthony McClam (20 years old); and

    d.  B.A.M. (6 years old).

18.    In connection with Tony's death, the following itemized expenses have been incurred:

    a.  $3,150 associated with the burial;

    b.  $12,008 associated with the funeral; and

    c.  $5,600 associated with the autopsy.

19.    Employee(s) of the Federal Bureau of Prisons at MCC who were supposed to be on duty in Tony's housing area were negligent in being either asleep, absent, or otherwise unavailable to assist Tony as he cried for help and crept toward death, or, if they were available and present, they were negligent and reckless in failing to come to his assistance over the course of several hours.  At all times such employees were acting within the scope of their employment for the United States government and within the Bureau of Prisons.

20.    Employee(s) of the Federal Bureau of Prisons at MCC were alternatively negligent in the manner in which MCC was administered, allowing for such a gross oversight of an inmate under its supervision during a desperate time of serious medical need by virtue of badly understaffing MCC such that no guards were available and present to assist Tony as he pled for help.

## CAUSES OF ACTION

### FIRST:  NEGLIGENCE 1

21.    Plaintiff realleges and incorporates by reference the preceding paragraphs.

22.    The United States owed a duty of reasonable care in attempting to maintain the safety of inmates in its custody, including the inmates at MCC, which is a federal facility.

23.    Every employee who was supposed to be on duty, alert, and responsive while Tony was suffering from a heart attack was acting in the scope of employment for the United States.

24.    The United States breached its duty of care through the negligence of its employee-agent(s) by virtue of their being asleep, absent, or otherwise unavailable at their designated post(s) (the "Unavailable Employees") while Tony was suffering from a heart attack and crying for help.

25.    But for the negligence of the Unavailable Employees, Tony's heart attack would have been treated in a timely fashion, he would have suffered less pain, suffering, and fear of imminent death, and his life would have been saved.

26.    It was reasonably foreseeable that by being unavailable to incarcerated individuals in custody at MCC that a health crisis could emerge and go untreated with catastrophic consequences, as befell the Decedent.

27.    Plaintiff is entitled to compensatory damages for the conscious pain and suffering, and fear of imminent death, experienced by the Decedent as he laid helplessly in his jail cell while he died.

### SECOND:  NEGLIGENCE 2

28.    Plaintiff realleges and incorporates by reference paragraphs 1-20 herein.

29.    The United States owed a duty of reasonable care in attempting to maintain the safety of inmates in its custody, including the inmates at MCC, which is a federal facility.

5

30.    Every employee who was on duty, alert, and capable of responding to Tony while he was suffering from a heart attack was acting in the scope of employment for the United States.

31.    The United States breached its duty of care through the negligence of its employee-agent(s) by virtue of their failure to come to the assistance of Tony who was otherwise a helpless prisoner in their custody (the "Non-Responding Employees") while Tony was suffering from a heart attack and crying for help.

32.    But for the negligence of the Non-Responding Employees, Tony's heart attack would have been treated in a timely fashion, he would have suffered less pain, suffering, and fear of imminent death, and his life would have been saved.

33.    It was reasonably foreseeable that by failing to respond to an incarcerated individual's desperate cries for help that such a victim would suffer pain, suffering, and death, as befell the Decedent.

34.    Plaintiff is entitled to compensatory damages for the conscious pain and suffering, and fear of imminent death, experienced by the Decedent as he laid helplessly in his jail cell while he died.

### THIRD:  WRONGFUL DEATH

35.    Plaintiff realleges and incorporates by reference paragraphs 1-34 herein.

36.    Tony's death was a consequence of the defendant's negligence, through the wrongful conduct of its employees acting in the scope of their employment.

37.    Tony is survived by distributees in his estate who suffered pecuniary loss by virtue of his passing, including his children.

38.    Tony's brother, William, has been appointed as a personal representative to act on behalf of the Decedent's estate.

39.     Plaintiff is entitled to recover pecuniary damages suffered by the estate as a consequence of the Defendant's negligence.

**WHEREFORE**, Plaintiff prays for relief as follows:

A.     That the Court award compensatory damages to Plaintiff and against the defendant in an amount to be determined at trial;

B.     That the Court award attorney's fees, costs and disbursements;

C.     For a trial by jury;

D.     For a pre-judgment and post-judgment interest and recovery of their costs; and

E.     For any and all other relief to which they may be entitled.

Dated: Garden City, New York
      May 23, 2023

                          **BARKET EPSTEIN KEARON**
                          **ALDEA & LOTURCO, LLP**

By:   _____

          Alexander Klein, Esq.
          666 Old Country Road, Suite 700
          Garden City, New York 11530